NO. 07-03-0024-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 22, 2003


______________________________



TOM RICHARD DOYLE, JR.
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 02-05-03090-CR; HON. JAMES H. KEESHAN, PRESIDING


_______________________________


 

Abatement and Remand


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Pending before the court are two motions entitled 1) "Motion to Substitute Attorney
of Record, or, in the alternative, to Remand to Trial Court for Hearing on Indigency and
Appointment of Attorney" and 2) "Motion to Extend Time for the Purpose of Filing a
Supplemental Brief on Behalf of Appellant." Appellant timely appealed his various criminal
convictions and filed an appellant's brief on June 30, 2003. However, on the same day,
his attorney of record, Mr. Peter E. Ryba, notified this court that he (Ryba) had been
suspended from the practice of law beginning August 1, 2003, and ending on November
30, 2003. 

 In response to the notification from Ryba, this court informed the State and
appellant that all action in this case would be suspended until November 30, 2003. 
Thereafter, the State moved, on October 2, 2003, to extend its briefing deadline, which
motion we granted. Prior to the lapse of that deadline, however, an attorney named Kaye
Ellis filed the motions to substitute counsel and for leave to file a supplemental brief. The
purpose of the latter was to add more issues or points of error if deemed necessary. 
Furthermore, Ellis purported to act on behalf of the appellant and represented that the trial
court appointed her to represent him. Yet, no signed and certified copy of an order
appointing her to the cause accompanied the motions. Nor has this court remanded the
appeal to re-invest the trial court with jurisdiction to appoint new counsel. Thus, whether
Ellis has been appointed in lieu of Ryba is uncertain. Yet, it is known that appellant was
dissatisfied with Ryba and sought alternate counsel.

 Accordingly, we abate this appeal and remand the cause to the 359th District Court
of Montgomery County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether Peter Ryba should be removed as counsel for appellant and
other counsel, such as Kaye Ellis, appointed in his stead.


The trial court shall cause the hearing to be transcribed. So too shall it execute findings
of fact and conclusions of law addressing the aforementioned issues and disclosing the
name, address, state bar number, and telephone and fax numbers of any new counsel it
may appoint to represent appellant. The trial court shall also cause to be developed 1) a
supplemental clerk's record containing the findings of fact and conclusions of law and all
orders it issued as a result of its hearing on this matter, and 2) a reporter's record
transcribing the evidence and arguments presented at the aforementioned hearing. 
Additionally, the trial court shall also cause the supplemental clerk's record to be filed with
the clerk of this court on or before November 21, 2003. Should further time be needed by
the trial court to perform these tasks, then same must be requested before November 21,
2003.

 Finally, it is ordered that the State's current briefing deadline be vacated. If
substitute counsel is appointed to represent appellant on appeal, that counsel is ordered
to review the appellant's brief currently on file with this court and determine if any other
issues regarding the validity of appellant's conviction and sentence necessitate briefing. 
Any additional briefing deemed necessary must be filed by appellant and appear in the
form of an amended appellant's brief, which brief will then replace the original appellant's
brief. The amended appellant's brief, if any, must be filed with this court on or before
December 22, 2003. Any appellee's brief which the State may care to file must be filed
with this court on or before January 22, 2004, irrespective of whether an amended
appellant's brief is filed.

 It is so ordered. 

 Per Curiam 

 Do not publish.